UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
DAVID VELSOR, :
:
                   Plaintiff, :   04 Civ. 10009 (TPG)
:
    – against – :   **OPINION**
:
MICHAEL ASTRUE, :
Commissioner of Social Security, :
:
                   Defendant. :
:
------------------------------------------------x

      This action is an appeal of a decision by the Social Security Administration ("SSA") denying plaintiff's request to reopen an application for disability insurance benefits. The Commissioner[1] moves to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for judgment on the pleadings under Rule 12(c). Plaintiff cross-moves for judgment on the pleadings. The Commissioner's motion is granted. Plaintiff's motion is denied.

      Plaintiff applied for disability benefits on October 20, 1997 because he was experiencing depression, anxiety, and "flashbacks" related to his experience in the military during the Vietnam War. This application was denied by an administrative law judge on March 16,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Astrue is substituted as the defendant in this lawsuit for former Commissioner Jo Anne Barnhart.

1998.  On September 24, 1998, plaintiff's request for reconsideration was denied.  Plaintiff requested a hearing regarding this matter, but then withdrew this request, through counsel, on August 16, 1999.  Accordingly, the ALJ dismissed the request for a hearing on August 23, 1999.  Although plaintiff was entitled to file a request to vacate this dismissal within sixty days, he did not do so.  See 20 C.F.R. § 404.960.

Plaintiff was employed in various positions from September 1998 to March 2001.  After becoming unemployed in March 2001, he applied for disability benefits on April 18, 2001.  While that application was pending, plaintiff's counsel submitted a request dated October 20, 2002 that the 1997 application be reopened.  After a hearing, an SSA ALJ issued a decision on June 30, 2003 finding plaintiff disabled as of March 2, 2001.  However, the ALJ denied the request to reopen the 1997 application.  Even though the request was untimely, the ALJ considered the request and determined that, since the evidence being relied upon had been available to plaintiff at the time of the initial application, there was no cause to reopen the determination.

Plaintiff now seeks judicial review of the denial of his request to reopen the 1997 application.  Naturally, he does not challenge the ALJ's finding that plaintiff was disabled as of March 2001.

The Commissioner moves to dismiss the complaint on the basis that a decision not to reopen a determination is not subject to judicial review.  20 C.F.R. § 404.903.  Plaintiff does not squarely respond to this

argument. Instead, he argues that the court should review this claim as a due process violation. Plaintiff also makes various arguments based on the merits of his claim before the SSA.

Federal courts have jurisdiction to review a "final decision" of the Commissioner, as that term is defined by SSA regulations. 42 U.S.C. § 405(g); Weinberger v. Salfi, 422 U.S. 749, 766 (1975). These regulations provide that a "final decision" is only rendered after an initial determination has been made, and a claimant has requested reconsideration of that determination, a hearing by an ALJ, and a hearing by the SSA Appeals Council. 20 C.F.R. § 404.900(a). The denial of a claimant's "request to reopen a determination" is not a final decision subject to judicial review. 20 C.F.R. § 404.903(*l*).

However, courts may review a decision not to reopen a determination if, despite this decision, the Commissioner has "constructively reopened [a] case" by reviewing the entire record and rendering a decision on the merits. Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003). This did not occur here. Although the ALJ considered whether there was good cause to reopen the determination notwithstanding its untimeliness, this did not amount to a review of the entire record or a decision on the merits. Plaintiff does not contend otherwise.

Courts may also review a decision not to reopen a determination in the "rare instance" that a plaintiff has raised a "colorable"

constitutional challenge to the Commissioner's action. Califano v. Sanders, 430 U.S. 99, 109 (1977). In particular, a court can consider a due process challenge to an SSA determination when a plaintiff has made "a particularized allegation" that he suffered from such severe mental impairment that he was unable to adequately comprehend the relevant administrative procedures. Stieberger v. Apfel, 134 F.3d 37, 40-41 (2d Cir. 1997).

Here, plaintiff contends that his mental impairment satisfied this standard. However, the evidence from the administrative record suggests otherwise. At the time plaintiff withdrew his request for a hearing, he was represented by counsel, who informed the ALJ that he had discussed this decision "at length" with plaintiff. During this time, plaintiff was also employed as a teacher, suggesting that any mental impairment was not so severe as to prevent him from understanding the SSA's procedures. Moreover, contemporaneous reports from his physicians indicate that he, at most, was moderately depressed and experienced flashbacks and rage during this period. This does not rise to the level of severe mental impairment. Plaintiff has therefore failed to raise a colorable claim of a due process violation.

Since the court lacks jurisdiction to review the SSA's decisions in this matter, plaintiff's contentions regarding the procedure and evidence relied on by the ALJ are not properly before this court.

The Commissioner's motion to dismiss the complaint for lack of jurisdiction is granted. Plaintiff's cross-motion for judgment on the pleadings is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
May 5, 2009

_____
Thomas P. Griesa
U.S.D.J.